IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CR-00232-M-RJ-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                      ORDER

KERRY KURTIS BRAITHWAITE,

    Defendant.

This matter comes before the court on Defendant's Motion to Dismiss [DE 83]. Defendant moves to dismiss the sole charge against him on the grounds that, as applied to him under the present circumstances, a conviction under 18 U.S.C. § 922(g)(1) would violate the Second Amendment to the United States Constitution. *Id.* at 1. For the following reasons, the motion is denied.

## I.    Background

On September 4, 2025, a grand jury returned an indictment charging Defendant with knowingly possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. DE 1. On March 5, 2026, Defendant moved to dismiss the indictment, raising an as-applied challenge under the Second Amendment. DE 83 at 1. On April 1, 2026, the court entered a text order directing Defendant to file a supplemental brief addressing the viability of his Second Amendment claim in light of the Fourth Circuit's recent decision in *United States v. Holman*, 171 F.4th 303 (4th Cir. 2026). On April 13, 2026, Defendant filed a supplemental brief, *see* DE 90, and the United States filed a response in opposition. *See* DE 89. In this posture, the motion is ripe for review.

## II. Legal Standards

Under Federal Rule of Criminal Procedure 12(b)(3), a defendant may move to dismiss a defective indictment "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." "An indictment is defective if it alleges a violation of an unconstitutional statute." *United States v. Hill*, 703 F. Supp. 3d 729, 732 (E.D. Va. 2023) (citations omitted).

"When a court reviews an 'as-applied' challenge, it must examine only the application of the law to the particular parties and the facts of the case before it, without considering whether the statute theoretically could be construed as unconstitutional in another hypothetical case." *United States v. Mgmt. Consulting, Inc.*, 636 F. Supp. 3d 610, 619 (E.D. Va. 2022) (citing *United States v. Stevens*, 559 U.S. 460, 473 n.3 (2010)). To be successful, "an as-applied challenge requires only that the law is unconstitutional as applied to the challenger's case[.]" *Id.* Often, making this determination requires "a developed factual record," particularly when the parties dispute the underlying facts. *See Richmond Med. Ctr. for Women f. Herring*, 570 F.3d 165, 172 (4th Cir. 2009) (en banc).

## III. Discussion

Defendant asserts that the sole issue before the court is "whether 18 U.S.C. § 922(g)(1) may be applied to criminalize temporary, safety-motivated possession of another person's firearm, consistent with the Second Amendment and our nation's historical tradition of firearm regulation." DE 83 at 6. The framing of the issue stems from Defendant's recitation of the facts. Defendant alleges that the firearm which led to these proceedings is owned by a man named Michael Kemp. *Id.* at 3. Defendant also alleges that shortly before his arrest, Mr. Kemp mistakenly left the firearm at Defendant's home inside of a jacket and that he called Defendant to report as much. *Id.*

2

Defendant states that after learning this, "[w]ithout handling the firearm of even looking inside the pocket," he moved the jacket to a room where he believed his children would not be able to access it. *Id.* at 3–4. The jacket (and the firearm) remained in that room until law enforcement discovered it during a search of the home. *Id.* at 4. Defendant argues that, assuming *arguendo* that he knowingly possessed the firearm, it would violate the Second Amendment to punish him under these circumstances. *Id.* at 6.

This argument is squarely foreclosed by binding precedent. In *United States v. Hunt*, the Fourth Circuit considered whether the Supreme Court's decisions in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024) abrogated its precedent on as-applied challenges to § 922(g)(1). *See Hunt*, 123 F.4th 697, 700 (4th Cir. 2024). The Fourth Circuit held that they had not. *Id.* In so doing, it reaffirmed that as-applied challenges to § 922(g)(1) are foreclosed unless (1) "the felony conviction is pardoned" or (2) "the law defining the crime of conviction is found unconstitutional or otherwise unlawful." *Id.* at 700 (quoting *Hamilton v. Pallozzi*, 848 F.3d 614, 626 (4th Cir. 2017)); *see also id.* at 704 (rejected "the need for any case-by-case inquiry about whether a felon may be barred from possessing firearms"). Over time, defendants sought to evade *Hunt*'s holding by arguing that "it did not address the kind of as-applied challenge" that they sought to advance now. *See Holman*, 171 F.4th at 310 (collecting cases). Consequently, the Fourth Circuit clarified in *Holman* that "*Hunt*'s holding was not limited to particular kinds of as-applied challenges." *Id.* It covers "*all* as-applied challenges to § 922(g)(1)," so unless one of the two exceptions noted above applies, all as-applied challenge must fail. *See id.*

Initially, Defendant sought to distinguish his case from *Hunt* on the grounds that he was arguing that "the prosecution [against] him is unconstitutional because of his conduct, not his

3

status[.]" DE 83 at 8. But the language in *Holman* is unyielding, so now, in his supplemental brief, Defendant advances a different argument. He argues that this court is free to disregard the Fourth Circuit's decisions in *Hunt* and *Holman* because they relied on cases utilizing a means-end framework that was rejected by the Supreme Court in *Bruen*. DE 90 at 7. That is incorrect. "In our hierarchical judicial system, it is axiomatic that [the Fourth Circuit's] decisions bind district courts[.]" *R.A. v. McClenahan*, 122 F.4th 143, 146 (4th Cir. 2024) (internal quotation marks omitted). It is true, as Defendant points out, that district courts may, on rare occasions, depart from a panel opinion when intervening decisions from the Supreme Court or the Fourth Circuit sitting en banc announce a contrary principle of law. *See Carrera v. E.M.D. Sales Inc.*, 75 F.4th 345, 352 (4th Cir. 2023) ("Absent contrary law from an en banc or Supreme Court decision, all parties here—the defendants, the district court, and this panel, are bound by Fourth Circuit precedent[.]") (internal quotations and brackets removed). But the time to rely on *Bruen* and *Rahimi* as intervening decisions has long since passed. The Fourth Circuit has already interpreted those cases and announced a rule that this court must now apply: absent two exceptions, there are no viable as-applied challenges to § 922(g)(1). *See Holman*, 171 F.4th at 310; *Hunt*, 123 F.4th at 704. If Defendant believes that rule to be flawed, he may seek review from a higher court. This court's hands are tied.

Defendant has not suggested that his felony convictions have been pardoned or that the laws defining his prior crimes of conviction have been found unconstitutional. *See* DE 83, 90. Accordingly, *Hunt* and *Holman* (issued after and with consideration of *Bruen* and *Rahimi*) control this matter and foreclose Defendant's as-applied challenge to § 922(g)(1).[1]

---

[1] Although Defendant's motion is predicated solely on his Second Amendment challenge, he briefly discusses the potential application of the necessity doctrine to this case. DE 83 at 13. Given

## IV. Conclusion

For these reasons, Defendant's Motion to Dismiss [DE 83] is DENIED.

SO ORDERED this ___20th___ day of April, 2026.

_Richard E Myers II_
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

the lack of factual development and the disputed nature of Defendant's proffer of facts, a motion under Federal Rule of Criminal Procedure 12(b) is an inappropriate vehicle to address this question. But, at the appropriate time, Defendant may re-raise the issue by seeking a jury instruction on a necessity defense. At that point, the court will give the question closer consideration.

5